# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| LORRAINE GIBBS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL NO. 1999-0061 |
| v. | ) | |
| | ) | |
| CHARLES TURNBULL, individually and | ) | |
| in his capacity as Governor of the Virgin | ) | |
| Islands, and MARIO GOLDEN, individually | ) | |
| and in his capacity as Acting Commissioner | ) | |
| of Education and TERRENCE JOSEPH, | ) | |
| individually and in his capacity as Insular | ) | |
| Superintendent; and ANTONIO STEELE, | ) | |
| individually and in his capacity as President | ) | |
| of the St. Croix Education Administrators | ) | |
| Association; ST. CROIX EDUCATIONAL | ) | |
| ADMINISTRATORS as an affiliate of the | ) | |
| American Federation of School | ) | |
| Administrators; the VIRGIN ISLANDS, | ) | |
| PUBLIC EMPLOYEES BOARD; and | ) | |
| DOES 1 through 10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

FINCH, J.

THIS MATTER comes before the Court on a Motion for Summary Judgment filed by Defendants.  Plaintiff Lorraine Gibbs opposes such motion.  After careful consideration and upon review of the briefs submitted by the parties, the Court issues the following ruling.

## I.    BACKGROUND

Plaintiff has filed this action against Defendants alleging the following counts: (1) violation of the First and Fourteenth Amendments of the U.S. Constitution, (2) violation of 42

U.S.C. § 1983, (3) violation of 3 V.I.C. § 530, (4) preliminary and permanent injunctive relief, and (5) breach of fiduciary and contractual duties.[1]   The Court has previously denied Plaintiff's application for a Temporary Restraining Order reinstating her to her former position and enjoining Defendants from acting upon her dismissal.  See Order Denying Pl.'s Application for Injunctive Relief, July 7, 1999 (Docket No. 41).  Defendants filed a Motion for Summary Judgment seeking to dismiss all of the remaining counts contained in the allegations pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.

Former Governor Roy Schneider appointed Plaintiff to the position of Principal of the St. Croix Vocational School on December 28, 1998, directly prior to Governor Charles Turnbull's assumption of office in January, 1999.  Plaintiff's position as Principal of the St. Croix Vocational School is included in the bargaining unit represented by the St. Croix Educational Administrators Administration ("SCEAA"), which is a party to the collective bargaining agreement ("CBA") with the Department of Education.  Plaintiff paid her union dues to the SCEAA and first occupied her Principal position on January 7, 1999.  Plaintiff was subsequently informed that her Notice of Personnel Action ("NOPA") confirming her appointment was not fully executed.  As a result, Acting Insular Superintendent Terrence Joseph asked Gibbs to vacate her office.  On or about January 15, 1999, Plaintiff filed a grievance with the SCEAA in connection with her termination.  Plaintiff also appealed her termination to the Virgin Islands Public Employees Relations Board ("PERB").

---

[1] Because neither Defendant nor Plaintiff discussed Count IV for injunctive relief or Count V for breach of fiduciary and contractual duties in their respective briefs, the Court will not address these claims.

Plaintiff filed the instant action on March 31, 1999, charging that she was fired because of her political affiliation with Governor Schneider's administration.[2]  Pl.'s Complaint at 5. Defendants contend that Plaintiff's discharge was justified because her appointment violated the hiring procedures set forth in the CBA between the Department of Education and the SCEAA. See Def.'s Memo. in Support of Mot. for Summary Judgment at 6 (Docket No. 203).  Defendants insist that the union's protest of this alleged violation also contributed to their decision regarding Plaintiff.  Id. at 17.

## II.       STANDARD OF REVIEW

In a case brought pursuant to the United States Constitution, the federal standard for determining whether to grant summary judgment is controlling.[3]   See Erie v. Tompkins, 304 U.S. 64, 78 (1938).  A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A factual dispute is deemed genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."  Id. at 247-48.  The moving party has the burden of proving that

---

[2] The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3), 1367(a), and 1391(b).

[3] 48 U.S.C. § 1561 makes the U.S. Constitution applicable to the Virgin Islands, to the fullest extent possible, by providing a bill of rights similar to the Bill of Rights in the U.S. Constitution.  In re Brown, 439 F.2d 47 (3d Cir. 1971).  The safeguards included in 48 U.S.C. § 1561 include freedom of speech as embodied in the First and Fourteenth Amendments.  Government of the Virgin Islands v. Brodhurst, 285 F.Supp. 831 (D.V.I. 1968).

there is no material issue of fact in dispute and, once the moving party has carried its burden, the nonmoving party must produce sufficient evidence that will reasonably support a jury verdict in its favor and not just "some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986). In analyzing this motion for summary judgment, this Court must view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. See Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000).

### III. CONSTITUTIONAL AND 42 U.S.C. § 1983 CLAIMS FOR DAMAGES AGAINST THE GOVERNMENT AND GOVERNMENT OFFICIALS

Count I of Plaintiff's Complaint involves constitutional claims for damages and Count II alleges a violation of 42 U.S.C. § 1983, which is directly related to Plaintiff's constitutional claims. Without a constitutional violation, a 42 U.S.C. § 1983 action cannot stand. Deary v. Evans, 570 F. Supp. 189, 197 (D.V.I. 1983). Section 1983 provides a remedy for violations of federal statutes by persons acting under color of state or territorial law. It states in relevant part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

4

The Supreme Court of the United States has held that neither a territory nor its officers acting in their official capacities are persons under Section 1983. Ngiraingas v. Sanchez, 495 U.S. 182, 192 (1990). Relying on the decision in Ngiraingas, the Third Circuit held that neither the Virgin Islands nor its officers sued in their official capacities for monetary relief are persons under Section 1983. Brow v. Farrelly, 994 F.2d 1027, 1037 (3d Cir. 1993). Since a Section 1983 claim for damages cannot be brought against the government or government officials in their official capacity, such a claim must be dismissed as a matter of law. See Def.'s Memo. in Support of Mot. for Summary Judgment at 18.

Additionally, the Court notes that Plaintiff's constitutional claims for damages in Count I cannot be brought against the government of the Virgin Islands or government officials absent a waiver of immunity. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 1996 (1971); International Islamic Community v. U.S., 981 F. Supp 352, 371-372 (D.V.I. 1997), aff'd 176 F. 3d 472 (3rd Cir. 1999). The court in Bivens held that a claim for damages against federal agents could exist for constitutional violations even where no statute specifically created such a remedy. Bivens, 403 U.S. at 395. However, the Bivens court only allowed such claims against federal officials, not state officials. Id.; see Paton v. La Prade, 524 F.2d 862, 870 (3d Cir. 1975); see also Eddy v. Virgin Islands Water and Power Auth., 961 F. Supp 113, 116 (D.V.I. 1997) (holding that Bivens-type claims allowed against federal officials, not state or territorial officials). In this manner, constitutional claims for damages parallel the requirement that the defendant come within the definition of a "person" under section 1983. See Eddy, 961 F.Supp. at 116. Accordingly, the Court dismisses all constitutional and section 1983 claims for damages against the Virgin Islands Public Employees Relations Board and Defendants

5

Turnbull, Golden and Joseph in their official capacity.  The Court now turns its attention to

Plaintiff's constitutional and section 1983 claims against the remaining Defendants.

## IV.      FIRST AMENDMENT CLAIM

Plaintiff alleges that Defendants fired her because of her political views and affiliations in

Violation of the First Amendment.  The U.S. Supreme Court has held that a discharge of a

government employee because of his or her political affiliation violates the Freedom of

Association clause of the First Amendment.  Elrod v. Burns, 427 U.S. 347, 373 (1976).  The

Third Circuit has held that an employee's claim of political discrimination must be based on

"more than speculation.  Otherwise, there is a danger that disputes among public officials of

every nature would be characterized as 'political' affiliation in an attempt to bring the action

within the First Amendment framework."  Liotta v. Borough of Springdale, 985 F.2d 119, 122

(3d Cir. 1993); see also Dunleavy v. New Jersey, 2008 WL 199457 (D.N.J. 2008) (dismissing 42

U.S.C. § 1983 political claims where plaintiff's claim was based on speculation and there was no

evidence of causation).

### A.   Genuine Issue of Material Fact

The issue in the instant case is whether Plaintiff's political activity was a substantial or

motivating factor that led to her being removed as principal of the St. Croix Vocational School.

Defendants argue that Plaintiff was terminated for a non-discriminatory reason, namely, that

Governor Schneider did not adhere to SCEAA's guidelines when he appointed Plaintiff to the

position in question and the union protested.  The SCEAA represents the bargaining unit which

includes the position of principal of the Vocational School and the CBA between the Virgin

Islands government and the SCEAA sets forth specific procedures for hiring employees to said position.  See CBA, Article VI.  According to Gerard Emmanuel, the Assistant Director of Personnel for St. Croix Schools at the time of Plaintiff's appointment, the hiring of a Vocational School's Principal must comport with the appointment procedures outlined in the CBA.  See CBA; Order Denying Pl.'s Application for Injunctive Relief at 5, July 7, 1999.

Rose White, Vice-President of the SCEAA, testified that no interviews were conducted and no advertisements promulgated concerning the Principal position immediately prior to Plaintiff's appointment.  Id. at 6.  Antonio Steele, President of the SCEAA, testified that he filed a grievance with the PERB as a result of this alleged failed compliance with the CBA.  Id.  While White acknowledged that some union members have assumed positions without following proper CBA procedures in the past, Brown and Steele both stated that at least one other Principal was not hired because of union objections to a failure to follow proper procedures.  Id.

Plaintiff contests Defendants' proffered reason for firing her, insisting that the circumstances surrounding her termination prove the intentional subjugation of her political expression.  See Pl.'s Opp. to Def.'s Mot. for Summary Judgment at 14-16 (Docket No. 228).  Plaintiff asserts that she was an ardent supporter of Governor Schneider and participated in numerous rallies and other functions during his campaign for reelection.  Specifically, she testified that she spoke at rallies, was a member of "Ladies of Roy," a political support group, and was widely known as a Schneider supporter.  See Order Denying Pl.'s Application for Injunctive Relief at 5, July 7, 1999.  Plaintiff insists that the only reason given for her termination (an improperly executed NOPA) later proved to be unfounded in fact.  Pl.'s Opp. to Def.'s Mot. for Summary Judgment at 17.  Therefore, Plaintiff insists that her termination occurred because of her political support for and affiliation with Governor Schneider.

7

The Court finds that material issues of fact remain for consideration by a jury regarding whether Plaintiff's political activity was a substantial or motivating factor that led to her being removed as principal of the Vocational School.  The parties disagree as to the underlying reason for Plaintiff's termination and drawing all reasonable inferences in favor of Plaintiff, the Court finds that the evidence is such that a reasonable jury could return a verdict for the Plaintiff.

**B.  Qualified Immunity**

Defendants argue that Charles Turnbull, Mario Golden, and Terrence Joseph are entitled to qualified immunity in this matter, which would provide such Defendants with immunity from suit.  Def.'s Memo. in Support of Mot. for Summary Judgment at 16-17.  The standard for resolving the issue of qualified immunity before trial is whether the evidence could support a reasonable jury's verdict in a plaintiff's favor, when it is considered in the light most favorable to the plaintiff.  See Carswell v. Borough of Homestead, 381 F.3d 235, 242 (3d Cir. 2004); Osrastti v. New Jersey State Police, 71 F. 3d 480 (3d Cir. 1995).  If a violation of a clearly established constitutional right could be made out, summary judgment based on qualified immunity is not warranted.  See Saucier v. Katz, 533 U.S. 194, 202-3 (2001); Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Harlow v. Fitzgerald, 457 U.S. 800, 818, (1982).  As stated above, the Court finds that there remain genuine issues of material fact concerning Plaintiff's claim for violation of the First Amendment's right to freedom of association, which is a clearly established constitutional right.  See Brosseau v Haugen, 543 U.S. 194, 198 (2004).

Viewing the evidence in a light most favorable to Plaintiff, the Court finds that the evidence is such that a reasonable jury could return a verdict for the Plaintiff.  Consequently, the Court will not grant summary judgment to the above mentioned Defendants on the basis of

qualified immunity.  However, for the reasons stated in Section III above, Plaintiff is not entitled

to monetary relief for her constitutional or section 1983 claims against the Virgin Islands

government and government officials in their official capacity.  See Ngiraingas, 495 U.S. at 192;

Bivens, 403 U.S. at 395; Eddy, 961 F. Supp. at 116; Farrelly, 994 F.2d at 1037.  Therefore, the

Court grants summary judgment as to Plaintiff's First Amendment and section 1983 claims for

damages against the Virgin Islands Public Employees Relations Board and Defendants Turnbull,

Golden and Joseph in their official capacity.  Summary judgment is denied as to Plaintiff's First

Amendment and section 1983 claims against all other Defendants in this case.


V.       FOURTEENTH AMENDMENT AND 3 V.I.C. § 530 CLAIMS

         The Due Process Clause of the 14th Amendment of the United States Constitution is

made applicable to the Virgin Islands and has "the same force and effect as in the United States

or in any State of the United States" by the Revised Organic Act of 1954, § 3 (1954). Virgin

Islands courts have consistently upheld the applicability of the 14th Amendment of the U.S.

Constitution to the citizens of the United States Virgin Islands. Gov't of the V.I. v. Durant, 48

V.I. 278, 292 (V.I. Super. Ct. 2007); see Schuster v. Thraen, 18 V.I. 287, 296 (D.V.I. 1981).

         The Due Process Clause of Section 1 of the Fourteenth Amendment states, "nor shall any

State deprive any person of life, liberty, or property, without due process of law."  The

Fourteenth Amendment does not protect against all deprivations of liberty, but only those made

"without due process of law." See Baker v. McCollan, 443 U.S. 137, 145 (1979).  It is well-

established that, in order to state a claim under the Due Process Clause, a plaintiff must first

"establish that a property interest existed" and second "that due process was violated in the

9

deprivation of that property interest." Schuster, 18 V.I. at 296; Molloy v. Monsanto, 1994 U.S. Dist. LEXIS 8445 at **17-18 (D.V.I. 1994). The Constitution does not create property interests, but protects established entitlements. Smith v. V.I. Port Auth., 2005 U.S. Dist. LEXIS 56 at *24 (D.V.I. 2005); see Leis v. Flynt, 439 U.S. 438, 441 (1978).

An individual who is dismissed or suspended from public employment must make two showings to establish that the dismissal violated due process: (1) the dismissal deprived her of a property or liberty interest, and (2) the employer did not afford her adequate procedural protections in connection with the action. Smith, 2005 U.S. Dist. LEXIS 56 at *24; see Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538-41 (1985); Richardson v. Felix, 856 F.2d 505, 507 (3d Cir. 1988).

The failure of the Territory to provide adequate procedural safeguards constitutes a violation of due process. See Morrissey v. Brewer, 408 U.S. 471, 487 (1972). Before the Territory can be liable for a violation of due process rights, the Territory must be charged with some duty to provide such procedural safeguards. See DeShaney v. Winnebago County Dept. of Soc. Servs, 489 U.S. 189, 196 (1989); see also Harris v. McRae, 448 U.S. 297, 318 (1980) (holding that the government does not have an affirmative obligation to create or afford people due process where the government has not assumed a duty); Lindsey v. Normet, 405 U.S. 56, 77 (1972) (same). Accordingly, the Court must consider the local territorial law and the procedural safeguards established therein.

### A. **Virgin Islands Code and the CBA**

Virgin Islands Code Section 530(a) of Title 3 requires that a department head deciding to terminate a regular employee "shall furnish the employee with a written statement of the charges

10

against him." 3 V.I.C. § 530(a). This requirement affords the employee an opportunity to prepare a defense and such notice must be given prior to actual dismissal. Ross v. Gov't of the Virgin Is. - Div. of Pers., 34 V.I. 91, 95 (V.I. Terr. Ct. 1996); see Samuels v. Government Employees Service Commission, 12 V.I. 581, 585 (D.C.V.I. 1976); Perry v. Government Employees Service Commission, 18 V.I. 524, 529 (D.C.V.I. 1981); see also Richardson, 856 F.2d at 507 (stating that employee with protected employment interest may be terminated only after notice and hearing). The statute thus provides extensive safeguards to a regular employee against arbitrary termination. Ross, 34 V.I. at 96; Schuster, 18 V.I. at 295;

   Section 531 prohibits discrimination in terminating employees on non-merit grounds, including political opinions or affiliations. 3 V.I.C. § 531. This section applies equally to all government employees, regardless of their classification.[4] Id.; Smith, 2005 U.S. Dist. LEXIS 56 at *23; Schuster, 18 V.I. at 295. The court in Schuster, 18 V.I. at 295 explained that a probational employee has the right to notice and an opportunity to be heard under section 531 if he or she asserts that the reason for dismissal was based on non-merit factors. See 3 V.I.C. § 531.

   Article V of the CBA outlines the procedure for an employee to assert a grievance concerning "a violation or misinterpretation of any of the provisions of the agreement or unfair treatment by reason of any act or condition which is contrary to established policy or practices governing or affecting employees." See CBA, Article V, § 1. Within 10 working days after receiving a written grievance from an employee, the immediate supervisor and the Association representative shall meet with the employee in an effort to resolve the grievance. See CBA,

---

[4] The Court notes that there is no basis for imposing civil liability on individuals under section 531 and, therefore, Plaintiff cannot maintain a claim against individual Defendants under section 531. Smith, 2005 U.S. Dist. LEXIS 56 at *23; see 3 V.I.C. § 531.

Article V, § 5.   If the employee is dissatisfied with the decision reached at such a hearing, he or she may appeal the matter to arbitration.  <u>Id</u>.  The arbitrator's decision will be accepted as final by the parties to the dispute and both must abide by it.  <u>Id</u>.


### B.  <u>Position Occupied by Plaintiff</u>

Defendants insist that Plaintiff never obtained the classified position of Principal of the Vocational School and, thus, her Fourteenth Amendment claim must fail.  Def.'s Memo. in Support of Mot. for Summary Judgment at 9.  Defendants argue that Plaintiff "cannot prove that she occupied a classified position since she was improperly and illegally placed as principal of the Vocational School."  <u>Id</u>. at 11.  According to Defendants, Plaintiff cannot invoke the protections of the Fourteenth Amendment because she cannot prove that she actually acquired or held the principal position.  <u>Id</u>.

The Court has previously found that Plaintiff was fired from her position as Principal. <u>See</u> Order Denying Pl.'s Application for Injunctive Relief at 4, July 7, 1999.  Plaintiff testified that she was asked to leave her Principal's office after a week of work and was not allowed back to assume the Principal's duties.  Marilyn Brown, Acting Director of Personnel in the Department of Education, testified that Plaintiff's NOPA was fully executed at the time of her appointment to the Principal position.  <u>Id</u>.  Brown also testified that an Acting Principal was put in place after Plaintiff's departure and that an advertisement seeking a new principal was disseminated.  "Defendants' actions clearly indicate that Gibbs was terminated from her position as Principal of the vocational school and it is this termination that Gibbs now contests."  <u>Id</u>.

There is no question that Plaintiff was fired from her position as Principal and logic dictates that, in order to be fired from a position, one must first occupy such position.  The

Government cannot dispute that Plaintiff was an "employee" of the Government in the ordinary sense of that term: she performed services for the Government, was paid by the Government, and worked under the direction of Government officials.  <u>Richardson</u>, 856 F.2d at 510.  Even if the proper procedures under the CBA were not followed, Plaintiff was placed in the classified position of Principal of the Vocational School and she worked as Principal for approximately one week.  <u>Id</u>.

The remaining questions before the Court are (1) whether a material question of fact exists regarding the state of affairs following Plaintiff's termination and, if so, (2) whether Plaintiff is entitled to procedural protections under the Virgin Islands Code or the CBA regarding her termination such that her Fourteenth Amendment due process claim may proceed.

### C.  <u>Genuine Issue of Material Fact</u>

Plaintiff claims that the failure of Defendants to provide a suitable hearing and other procedural protections in connection with her dismissal constitutes a violation of her right to due process of law because she possessed a legitimate expectation of continued employment. Defendants point out that Plaintiff was told by Golden to meet with Joseph to discuss her status and she did meet with Joseph on January 12, 1999.  <u>See</u> Def.'s Memo. in Support of Mot. for Summary Judgment at 10; Golden Depo., Sept. 1, 1999 at 39-40.  However, Plaintiff claims that Joseph simply told her that Golden's letter informing her that the Department did not have in its possession a fully executed NOPA was self explanatory and ordered her to vacate the building. <u>See</u> Pl.'s Opp. to Def.'s Mot. for Summary Judgment at 4.

Plaintiff filed a grievance on January 15, 1999 as required under the CBA and the evidence shows that Plaintiff, along with her Union representative, met with Acting

Commissioner of Education Ruby Simmonds on April 8, 2007 to discuss Plaintiff's employment with the Department of Education ("DOE").  In the meeting, which occurred outside the 10 day requirement of the CBA's grievance process, the Commissioner offered Plaintiff the temporary position of Supervisor of Vocational Education.  See CBA, Article V, § 5.  Defendant claims that the DOE representatives and the Union left the meeting believing that Plaintiff had accepted an alternative position and that the matter had been resolved.  See Def.'s Memo. in Support of Mot. for Summary Judgment at 10.  Plaintiff insists that she never accepted the offer but, rather, she advised Commissioner Simmonds that she would confer with counsel and get back to the Commissioner.  See Pl.'s Opp. to Def.'s Mot. for Summary Judgment at 6.

Defendant further argues that Plaintiff decided to forego arbitration and, therefore, she cannot prove that she was denied due process.  See Def.'s Memo. in Support of Mot. for Summary Judgment at 10.  Plaintiff contends that she was prepared to go to arbitration but the Government failed to consent to arbitration.  See Pl.'s Opp. to Def.'s Mot. for Summary Judgment at 13.  In light of the lack of clarity with regard to these questions and drawing all reasonable inferences in favor of Plaintiff, the Court finds that genuine issues of material fact exist regarding the circumstances following Plaintiff's termination.  Nevertheless, the Court must consider the propriety of Plaintiff's original appointment to determine whether Plaintiff is able to invoke the protections afforded by statute and the CBA.  See Order Denying Pl.'s Application for Injunctive Relief at 6, July 7, 1999.


### D.  Plaintiff's Due Process Challenge to Her Removal From the Classified Position

In order to have a property interest in a benefit, an individual must have a "legitimate claim of entitlement" to the benefit, Board of Regents v. Roth, 408 U.S. 564, 577 (1972), and

14

state or territorial law determines whether such a claim exists.  See Schuster, 18 V.I. at 296; see also Phaire v. Merwin, 161 F.Supp. 710, 712 (D.V.I. 1958) (holding that appointment to and tenure in public office is neither property nor a contract).  Under Virgin Islands law, a public employee does not have a vested right in his or her position except as local law may protect his tenure or limit the right to dismiss him or her.  Moorhead v. Government of Virgin Islands, 542 F. Supp. 213, 214 (D.V.I. 1982); see Merwin, 161 F.Supp. at 712.  Courts within the Third Circuit have held that "one who would invoke the protections afforded by the civil service provisions must first demonstrate that he was validly appointed under those laws" and such protections will only apply "if there has been strict compliance with the civil service laws." Bernardi v. City of Scranton, 598 F.Supp. 26, 31 (M.D. Penn. 1984).

The "Personnel Merit System" under Title 3 of the Virgin Islands Code provides in relevant parts as follows:

Section 521:
[A]ll appointments and promotions to positions in the classified service shall be made on the basis of merit and fitness….

Section 526:
Whenever a department head wishes to fill a vacancy in the classified service, he shall submit to the Director of Personnel a statement showing the position to be filled and the duties of the position.  The Director of Personnel shall then certify to the appointing authority the names of three eligibles for such position.

Article VI of the CBA provides in relevant parts as follows:

Section 14:
The Association shall be represented on interview panel to fill all new or vacant positions within the bargaining unit. Such representatives shall be selected by the Associations' presidents.

Section 15:
A listing of all new and vacant position within the bargaining unit shall be forwarded to the Presidents of the Associations within fifteen (15) working days after the position has been vacated or created. Interviews shall be held, selection made and applicants notified as expeditiously as possible.

15

Plaintiff argues that she was hired as the Principal of the Vocational School in comport with the Virgin Islands Code and the CBA. <u>See</u> Pl.'s Opp. to Def.'s Mot. for Summary Judgment at 7. Plaintiff insists that the evidence supports the existence of past practice or custom of giving the DOE Administrators preferential consideration in filling open principal, assistant principal and coordinator positions without strict compliance of the requirements as set forth in the Code or sections 14 and 15 of the CBA. <u>Id</u>. at 8. According to Plaintiff, "it is clear that the pattern and practice of the DOE for the past 30 years have been to vary the process when dealing with movement from exempt to classified position." <u>Id</u>. at 9. Plaintiff alleges that the record of DOE reflects that past Principal Herbert Brodurst, Assistant Principal Anita Plaskett, and Coordinator of Administrative Services Mark Biggs traversed these two classifications without additional interviews, listing and posting. <u>Id</u>.

The Court finds Plaintiff's arguments to be unpersuasive, for their adoption here would require the Court to endorse a departure from the unambiguous provisions of the Virgin Islands Code and the CBA. Virgin Islands Code specifically mandates that all appointments and promotions to a position in the classified service must be based on merit and fitness, to be ascertained by examinations. 3 V.I.C. § 521; 3 V.I.C. § 522. The Code also requires certification of eligible applicants and appointment from the list of eligibles. 3 V.I.C. § 526. The CBA sets forth the only procedures for hiring employees within the bargaining unit and it does not provide a separate or distinct method for exempt employees to join the classified service. <u>See</u> Def.'s Memo. in Support of Mot. for Summary Judgment at 13. Although the CBA does not specifically address the movement of personnel from exempt service back to classified service, provisions 14 and 15 of this agreement provide that the union must conduct panel

interviews of candidates and all new and vacant positions must be advertised to the union president.  See CBA, Article VI, §§ 14, 15.

The provisions of the Virgin Islands Code and the CBA are clear.[5]  See Sunshine Shopping Center, Inc. v. KMart Corp., 85 F.Supp.2d 537, 540 (D.V.I. 2000); see also Restatement (Second) of Contracts § 5, cmt. a ("The terms of a promise or agreement are those expressed in the language of the parties…").  Nowhere does the Code or the CBA permit exempt employees automatic entry into the classified service as Plaintiff suggests.  The Court finds that individuals leaving the exempt service are not entitled to any special privileges, placement or priority outside the procedures as laid out in the Virgin Islands Code and the CBA.  Sections 521, 522 and 526 of the Code and provisions 14 and 15 of the CBA are controlling.[6]

The Court finds that, under Plaintiff's version of relevant events, there has not been compliance with the appointment procedures set forth in the Virgin Islands Code or the CBA.  No examinations were given and no certification of eligible applicants for the Principal position took place immediately prior to Plaintiff's appointment.  Thus, Plaintiff was not hired pursuant to the Personnel Merit System of the Virgin Islands Code.  See 3 V.I.C. §§ 521, 522, 526.  In addition, no interviews were conducted and no advertisements promulgated concerning the Principal position.  Therefore, Plaintiff was not hired pursuant to the terms of the CBA.  See CBA, Article VI, §§ 14, 15.  Because Plaintiff's appointment as Principal of the Vocational

---

[5] In determining the intent of the parties to a contract, courts within the Third Circuit have applied the "plain meaning rule" of interpretation.  Under the "plain meaning rule," the intent of the parties to a contract is "embodied in the writing itself, and when the words are clear and unambiguous the intent is to be discovered only from the express language of the agreement."  County of Dauphin v. Fidelity & Deposit Co., 770 F.Supp. 248, 251 (M.D. Pa. 1991), aff'd, 937 F.2d 596 (3d Cir. 1991).

[6] The Court notes that a contrary holding would hinder the goal of the CBA and the Personnel Merit System of the Virgin Islands Code to secure the best qualified public servants and to avoid the practice of filling positions solely on the basis of political patronage.

School did not adhere to the provisions of the Virgin Islands Code or the CBA, she is not entitled to the procedural protections therein.[7]  See Bernardi, 598 F.Supp. at 31; see also Snizaski v. Saleski, 189 A.2d 284, 285 (Penn. 1963) (holding that where policemen and firemen were appointed in disregard of civil service board regulations, they were not entitled to civil service protections).  Accordingly, Plaintiff's complaint fails to assert a cognizable due process or 3 V.I.C. § 530 claim and Defendants are entitled to summary judgment on this point as a matter of law.


   **VI.   CONCLUSION**

       For the reasons stated above, Defendant's motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**.  With regard to Plaintiff's 42 U.S.C. § 1983 claim for damages, Defendant's motion for summary judgment is **GRANTED** as to Defendants Turnbull, Golden and Joseph in their official capacity and the Virgin Islands Public Employees Relations Board and **DENIED** as to all remaining Defendants.   With regard to Plaintiff's First Amendment claim for damages, Defendant's motion for summary judgment is **GRANTED** as to Defendants Turnbull, Golden and Joseph in their official capacity and the Virgin Islands Public Employees Relations and **DENIED** as to all remaining Defendants.  With regard to Plaintiff's Fourteenth Amendment and 3 V.I.C. § 530 claims, Defendant's motion for summary judgment is **GRANTED** as to all Defendants.  With regard to Plaintiff's claim for injunctive relief,

_____

[7] Even if Plaintiff did adhere to the relevant provisions of the Virgin Islands Code , the provisions of Title 3, Chapter 24 of the Code would not be applicable in this case.  24 V.I.C. § 374(e).  The Public Employees Labor Relations Act (Act 4440) provides in relevant part, "The benefits and privileges conferred upon public employees by Title 3, Chapter 25 of this Code shall be applicable to public employees covered by a negotiated bargaining agreement only to the extent such benefits and privileges are specifically provided in such agreement."  24 V.I.C. § 374(e).  The CBA does not specifically provide that the benefits of 3 V.I.C. §§ 530, 531 apply and Plaintiff cannot rely upon them.  See Boeing Co. v. UAW, 370 F.2d 969, 970 (3d Cir. 1969); Laborer's Int'l Union v. Foster Wheeler Corp., 868 F.2d 573, 576 (3d Cir. 1989).

Defendant's motion for summary judgment is **DENIED** as to all Defendants.  With regard to Plaintiff's claim for breach of fiduciary and contractual duties, Defendant's motion for summary judgment is **DENIED** as to all Defendants.

  The remaining claims against Defendant Turnbull, Golden and Joseph individually include Count I for violation of the First Amendment, Count II for violation of 42 U.S.C. § 1983, Count IV for injunctive relief and Count V for breach of fiduciary and contractual duties.  The remaining claims against Defendant Turnbull, Golden and Joseph in their official capacity include Count IV for injunctive relief and Count V for breach of fiduciary and contractual duties.  The remaining claims against Defendant Steele individually and in his official capacity include Count I for violation of the First Amendment, Count II for violation of 42 U.S.C. § 1983, Count IV for injunctive relief and Count V for breach of fiduciary and contractual duties.  The remaining claims against the St. Croix Educational Administrators include Count I for violation of the First Amendment, Count II for violation of 42 U.S.C. § 1983, Count IV for injunctive relief and Count V for breach of fiduciary and contractual duties.  The remaining claims against the Virgin Islands Public Employees Board include Count IV for injunctive relief and Count V for breach of fiduciary and contractual duties.

  **ENTERED this 24**[th] **day of July, 2008.**


             _____/s/_____
             **HONORABLE RAYMOND L. FINCH**
             **U.S. DISTRICT JUDGE**

20