# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| LORRAINE GIBBS ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL NO. 1999-0061 |
| v. ) | |
| ) | |
| CHARLES TURNBULL, individually and ) | |
| in his capacity as Governor of the Virgin ) | |
| Islands, and MARIO GOLDEN, individually ) | |
| and in his capacity as Acting Commissioner ) | |
| of Education and TERRENCE JOSEPH, ) | |
| individually and in his capacity as Insular ) | |
| Superintendent; and ANTONIO STEELE, ) | |
| individually and in his capacity as President ) | |
| of the St. Croix Education Administrators ) | |
| Association; ST. CROIX EDUCATIONAL ) | |
| ADMINISTRATORS as an affiliate of the ) | |
| American Federation of School ) | |
| Administrators; the VIRGIN ISLANDS, ) | |
| PUBLIC EMPLOYEES BOARD; and ) | |
| DOES 1 through 10, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

FINCH, J.

THIS MATTER comes before the Court on a Motion for Reconsideration of Summary Judgment filed by Plaintiff. After careful consideration and being advised in the premises, the Court issues the following ruling.

## I.   BACKGROUND

Plaintiff has filed this action against Defendants alleging the following counts: (1) violation of the First and Fourteenth Amendments of the U.S. Constitution, (2) violation of 42

U.S.C. § 1983, (3) violation of 3 V.I.C. § 530, (4) preliminary and permanent injunctive relief, and (5) breach of fiduciary and contractual duties.[1]

Former Governor Roy Schneider appointed Plaintiff to the position of Principal of the St. Croix Vocational School on December 28, 1998, directly prior to Governor Charles Turnbull's assumption of office in January, 1999. Plaintiff paid her union dues to the St. Croix Educational Administrators Administration ("SCEAA") and first occupied her Principal position on January 7, 1999. Plaintiff was subsequently informed that her Notice of Personnel Action ("NOPA") confirming her appointment was not fully executed. As a result, Acting Insular Superintendent Terrence Joseph asked Plaintiff to vacate her office. On or about January 15, 1999, Plaintiff filed a grievance with the SCEAA in connection with her termination. Plaintiff also appealed her termination to the Virgin Islands Public Employees Relations Board ("PERB").

Plaintiff filed this case on March 31, 1999, charging that she was fired because of her political affiliation with Governor Schneider's administration. Pl.'s Complaint at 5. Defendants contend that Plaintiff's discharge was justified because her appointment violated the hiring procedures set forth in the collective bargaining agreement ("CBA") between the Department of Education and the SCEAA. See Def.'s Memo. in Support of Mot. for Summary Judgment at 6 (Docket No. 203). Defendants insist that the union's protest of this alleged violation also contributed to their decision regarding Plaintiff. Id. at 17.

Defendants filed a Motion for Summary Judgment on March 19, 2008 seeking to dismiss all of the remaining counts contained in the allegations pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. The Court issued an Order on July 24, 2008 granting in part and denying in part Defendant's Motion for Summary Judgment. See Order Granting in Part and

---

[1] The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3), 1367(a), and 1391(b).

2

Denying in Part Defendant's Motion for Summary Judgment (Docket No. 255). Plaintiff filed her Motion for Reconsideration of the Court's Order, contesting the dismissal of her Fourteenth Amendment and 3 V.I.C. § 530 claims against all Defendants.

## II.     STANDARD OF REVIEW

Pursuant to Local Rule 7.4, "[a] party may file a motion asking a judge or magistrate judge to reconsider an order or decision made by that judge or magistrate judge. A motion to reconsider shall be based on the need to correct clear error or prevent manifest injustice." LRCi. 7.4. "[A] motion to reconsider shall be based on (1) intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." Nicholas v. Wyndham Int'l, Inc., 2002 U.S. Dist. LEXIS 27111 at *1 (D.V.I. 2002); LRCi 7.4. "[G]iven the wide discretion conferred on a district court by the Federal Rules, courts have sometimes found it appropriate to grant reconsideration on grounds that do not fall within a narrow interpretation of Rule 7.4 in order to meet the unique circumstances of a particular case." Bostic v. AT&T, 312 F.Supp. 2d 731, 734 (D.V.I. 2004) (citing Slater v. KFC Corp., 621 F.2d 932, 939 (8th Cir. 1980); Walker v. Bank of Am. Nat'l Trust & Sav. Ass'n, 268 F.2d 15, 25 (9th Cir. 1959)). There is no requirement that reasons be stated for the denial of a motion for reconsideration. Briddle v Scott, 63 F.3d 364, 381 (5th Cir. 1995).

The granting of a motion to reconsider is "an extraordinary remedy and should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004) (citing Clancy v. Employers Health Ins. Co., 101 F.Supp.2d 463, 465 (E.D.La. 2000), citing 11 Charles A. Wright, Arthur R. Miller and Mary K. Kane, Federal Practice & Procedure § 2810.1, at 124 (2d ed. 1995)). The purpose of such motions is to allow a District Court to correct its own errors,

3

sparing parties and appellate courts the burden of unnecessary proceedings.  Charles v. Daley, 799 F.2d 343, 348 (7th Cir. 1986); see United States v. Dieter, 429 U.S. 6, 8 (1976).   The moving party has a heavy burden to establish an error sufficiently serious to merit amendment.  The moving party must demonstrate that the court failed to consider controlling decisions or factual matters that were put before it on the underlying motion and which, had they been considered, might reasonably have led to a different result.  Ansoumana v. Gristede's Operating Corp., 255 F.Supp. 2d 197, 198 (S.D.N.Y. 2003); see also  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (holding that standards for granting motion for reconsideration are strict, and reconsideration will generally be denied unless moving party can point to controlling decisions or data that court overlooked, which might reasonably be expected to alter conclusion reached by court.).

**III.    DISCUSSION**

Plaintiff's Motion for Reconsideration urges the Court to consider two issues: (1) notwithstanding the unambiguous provisions of §§ 14 and 15 of Article VI of the CBA, both the DOES and SCEAA have consistently failed to comply with the CBA and (2) immediately upon the termination of Plaintiff, Antonio Steele was given the Principal position in violation of the CBA.  Pl.'s Mot. to Reconsider at 2.  As nothing in Plaintiff's filing indicates an intervening change in controlling law or availability of new evidence since the said order was entered, the Court interprets Plaintiff's motion to be based upon the need to correct clear error or prevent manifest injustice.

The two issues raised by Plaintiff in her Motion to Reconsider rehash the same "pattern and practice" argument that the Court rejected the first time.  In Plaintiff's Opposition to

Defendant's Motion for Summary Judgment, she insisted that the evidence supports the existence of past practice or custom of giving the DOE Administrators preferential consideration in filling open principal, assistant principal and coordinator positions without strict compliance of the requirements as set forth in sections 14 and 15 of the CBA.  See Pl.'s Opp. to Def.'s Mot. for Summary Judgment at 8.  Plaintiff argued, "it is clear that the pattern and practice of the DOE for the past 30 years have been to vary the process when dealing with movement from exempt to classified position."  Id. at 9.  However, the Court found Plaintiff's arguments to be unpersuasive, for their adoption would require the Court to endorse a departure from the unambiguous provisions of the CBA.  See Memorandum Opinion at 16 (Docket No. 254).  The CBA sets forth the only procedures for hiring employees within the bargaining unit and it does not provide a separate or distinct method for exempt employees to join the classified service.

This Court, along with the majority of federal courts, does not allow a motion for reconsideration to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not."  Bostic, 312 F.Supp.2d at 733; see also Fein v. Peltier, 36 V.I. 197, 198 (D.V.I. 1997) ("Motions for reconsideration should not be used as a vehicle for rehashing and expanding upon arguments previously presented or merely as an opportunity for getting in one last shot at an issue that has been decided."); FDIC v. World Univ., Inc., 978 F.3d 10, 16 (1st Cir. 1992) (motions for reconsideration "are aimed at reconsideration, not initial consideration.")  There is no basis for reconsideration in this matter.

## IV.   CONCLUSION

Having reviewed Plaintiff's brief and upon due consideration thereof, nothing therein persuades the Court that its previous Order requires modification or reversal.  It is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.


**ENTERED this 27th day of August, 2008.**

                                                          /s/
                                       **HONORABLE RAYMOND L. FINCH**
                                       **U.S. DISTRICT JUDGE**